IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW T. GARDINER,

        Plaintiff,

v.                                    Case No. 15-3151-DDC

BILL MCBRYDE, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging he was subjected to excessive force and denied appropriate medical care while incarcerated at the Seward County Jail.  Pending before the court is plaintiff's motion for appointment of counsel (ECF No. 65), motion for emergency temporary restraining order (ECF No. 68), and motion to reconsider and clarify case status (ECF No. 69).

On June 7, 2018, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a telephone status conference to gather more information and clarify issues surrounding plaintiff's motions.  Plaintiff appeared pro se.  Defendants appeared through counsel, Daniel H. Diepenbrock and Edward L. Keeley.  For the reasons set forth below, the undersigned recommends that the presiding U.S. District Judge, Daniel D. Crabtree, deny plaintiff's motion for emergency temporary restraining order and motion to

1

reconsider and clarify case status.  By separate order, the undersigned denies, without prejudice, plaintiff's motion for appointment of counsel.

### Motion for Emergency Temporary Restraining Order (ECF No. 68)

Plaintiff asks the court to issue a temporary restraining order preventing the Texas Department of Criminal Justice ("TDCJ") from destroying or confiscating his legal documents and treatises.[1]  Plaintiff explains he's currently being held at the Deaf-Smith County Jail awaiting transportation to the reception and diagnostic center in Texas. Plaintiff claims he's been told by local jailers that he will not be allowed to take his legal materials with him to TDCJ, and that his materials will be kept at the jail and ultimately destroyed.

At the June 7, 2018 status conference, the undersigned asked Cpl. Vicki Cates (present with plaintiff at the Deaf-Smith County Jail during the conference) to advise whether plaintiff would be permitted to take the above-referenced materials with him when he is transferred.  Cpl Cates has since informed the court, via email dated June 7, 2018, that "[plaintiff] will be able to take all his legal paperwork with him. We have talked to John Middleton Transfer Facility … . He will be leaving this next week."

Accordingly, the undersigned recommends that plaintiff's motion for emergency temporary restraining order be denied as moot.

---

[1] Specifically, plaintiff claims he's accumulated approximately "one legal box" filled with "documents, court filings, responses from the defendants, answers to discovery, and discovered documents," as well as a soft-covered legal book, relating to both the instant litigation and a civil action pending in state court.  ECF No. 68 at 2.

**Motion to Reconsider and Clarify Case Status (ECF No. 69)**

Plaintiff requests that the court "reconsider this case to correct a clear error and clarify its status as a 'non-prisoner' action, i.e., an action not filed by a prisoner."[2] Specifically, plaintiff argues that because he was not in custody at the time he filed his underlined_amended complaint (ECF No. 25), this case is not one "brought by a prisoner" and subject to the Prison Litigation Reform Act ("PLRA").  At the June 7, 2018, status conference, counsel advised that defendants plan to oppose the motion.

It's undisputed plaintiff was in custody when his original complaint was filed, and thus the undersigned is inclined to conclude as a matter of law that this litigation is controlled by the PLRA.[3]  The undersigned recommends that Judge Crabtree deny, as premature, plaintiff's motion to reconsider and clarify case status, as it calls for an opinion without context of any specific issue that needs to be decided at this juncture.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If plaintiff does not timely file his objections, no court will allow appellate review.

---

[2] ECF No. 69 at 1.

[3] *See May v. Segovia*, No. 15-0405, 2017 WL 5495798, at *4–5 (D. Colo. Nov. 16, 2017).

A copy of this report and recommendation shall be mailed to plaintiff via regular mail.

Dated June 11, 2018, at Kansas City, Kansas.

 _s/ James P. O'Hara_
James P. O'Hara
U.S. Magistrate Judge

4