#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

**MATTHEW T. GARDINER,**

      **Plaintiff,**

**v.**

**BILL MCBRYDE, et al.,**

      **Defendants.**

**Case No. 15-3151-DDC-JPO**

### MEMORANDUM AND ORDER

On June 11, 2018, Judge James P. O'Hara issued a Report and Recommendation (Doc. 73), recommending that the district judge deny plaintiff's Motion for Emergency Temporary Restraining Order (Doc. 68) and Motion to Reconsider and Clarify Case Status (Doc. 69).

Plaintiff's Motion for Emergency Temporary Restraining Order seeks an order preventing the Texas Department of Criminal Justice from destroying or confiscating his legal documents and treatises when the Department transfers plaintiff from the Deaf-Smith County Jail to another facility in Texas. In his Order, Judge O'Hara explained that he conducted a telephone status conference with the parties on June 7, 2018, to gather more information about plaintiff's motions. Doc. 73 at 1. Cpl. Vicki Cates accompanied plaintiff to the conference at the Deaf-Smith County Jail. *Id.* at 2. During the conference, Judge O'Hara asked Cpl. Cates if she could inquire whether the Department would permit plaintiff to take his legal materials with him when he is transferred to another facility. *Id.* And, after the conference, Cpl. Cates sent an email to the court advising that plaintiff could take his legal materials with him when he leaves the Deaf-Smith County Jail. *Id.* Based on this correspondence, Judge O'Hara recommended that the district judge deny as moot plaintiff's Motion for Emergency Temporary Restraining Order. *Id.*

Plaintiff's Motion to Reconsider and Clarify Case Status asks the court to reconsider whether this case is subject to the requirements of the Prison Litigation Reform Act ("PLRA"). More specifically, plaintiff asserts that, because he was not in custody when he filed his Amended Complaint, he does not bring this case as a "prisoner," and thus the PLRA's requirements don't govern this action. Judge O'Hara recommended that the district court deny this motion as premature because it calls for an opinion without context of any specific issue that the court needs to decide at this stage of the proceedings. *Id.* at 3.

Judge O'Hara concluded his Report and Recommendation by explaining to plaintiff that he may serve and file objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, within 14 days after service. *Id.* He also advised plaintiff that failing to make a timely objection to the Report and Recommendation waives any right to appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. *See id.* (explaining that "[i]f plaintiff does not timely file his objections, no court will allow appellate review.").

The Clerk mailed a copy of the Report and Recommendation to plaintiff at the Deaf-Smith County Jail. *See* Docket Entry for Doc. 73. That mailing was returned as undeliverable because, when it arrived, plaintiff was no longer an inmate at the jail. *See* Doc. 82. On June 26, 2018, the Clerk mailed another copy of the Report and Recommendation to plaintiff's correct address at a different facility. *See* Docket Entry for Doc. 82.

Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *see also ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). That mailing occurred on June 26, 2018, when the Clerk mailed the Report

and Recommendation to plaintiff at his new address. *See* Doc. 82. The time for plaintiff to file any objections to the Report and Recommendation thus has expired.

To date, plaintiff has filed no objections to Judge O'Hara's Report and Recommendation, nor has he sought to extend the time to file an objection. If an aggrieved party objects to the magistrate judge's report and recommendation, the district judge assigned to the case "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). But when a plaintiff has not objected to a Report and Recommendation properly, the court has "considerable discretion" to review the recommendation under "any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). After reviewing plaintiff's motions and Judge O'Hara's Report and Recommendation, the court agrees with Judge O'Hara's recommendation in its entirety. And, because plaintiff has filed no objection to the Report and Recommendation within the time prescribed, and he has sought no extension of time to file an objection, the court accepts, adopts, and affirms the Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED** that, after reviewing the file *de novo*, the Report and Recommendation issued by United States Magistrate Judge James P. O'Hara on June 11, 2018 (Doc. 73) is **ACCEPTED, ADOPTED, and AFFIRMED**.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Emergency Temporary Restraining Order (Doc. 68) is denied as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Reconsider and Clarify Case Status (Doc. 69) is denied without prejudice because it is premature.

**IT IS SO ORDERED.**

**Dated this 20th day of July, 2018, at Topeka, Kansas**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**