UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW T. GARDINER,

                Plaintiff,

v.                                                    Case No. 15-3151-DDC

BILL MCBRYDE, et al.,

                Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging he was subjected to excessive force and denied appropriate medical care while incarcerated at the Seward County, Kansas Jail. Shortly before the scheduled final pretrial conference (and after discovery had closed), plaintiff filed a motion for leave to amend his complaint (ECF No. 97).[1] Portions of his motion were ruled during the September 5, 2018 conference (which, for practical reasons, the court converted to a status conference).[2] This

---

[1] Plaintiff's motion was received by the court on August 30, 2018, *see* ECF No. 97-6, just six days before the September 5, 2018 conference. But plaintiff states he gave the motion to jail officials on August 20, 2018, and that under the "prison mailbox rule," the motion is deemed filed on that date. ECF No. 104 at 2. This ten-day discrepancy has no impact on the court's analysis.

[2] During the conference, the parties stipulated, and the court ordered, that (1) the pleadings would be deemed amended by interlineation to reflect the full names of the three existing defendants, i.e., Teresa Cantrell, Tyler Kulow, and Trey Steckel; and (2) plaintiff's claims against Jon Wright would be deemed dismissed with prejudice. Plaintiff also withdrew the portion of his motion seeking to add three new defendants, i.e., Jamison Lewis, Elisa Kaiser, and Dustin Post. *See* ECF No. 102.

1

report addresses the remaining portions of plaintiff's motion, specifically, (1) a request to add factual allegations detailing a new incident of excessive force, and (2) a request to modify plaintiff's current claims for relief (based on facts previously alleged) to account for information learned through discovery and plaintiff's changed understanding of the law. Because the undersigned U.S. Magistrate Judge, James P. O'Hara, concludes plaintiff's request to add allegations of a second incident of excessive force is untimely, unduly prejudicial, and futile, he recommends the presiding U.S. District Judge, Daniel D. Crabtree, deny that portion of the motion.[3] But because defendants have not opposed plaintiff's request to modify his current claims, the undersigned recommends Judge Crabtree grant that portion of the motion.

I.   Request to Add Allegations of a Second Incident of Excessive Force

In his first amended complaint, plaintiff alleged defendants used excessive force when they kicked him repeatedly and "hog-tied" him in a jail holding cell.[4] He also alleged defendants denied him appropriate medical care (including mental-health care) during his

---

[3] Because the denial of a motion for leave to amend a complaint might be construed as dispositive, the undersigned sets forth his analysis in a report and recommendation to the district judge, who will make the final decision. *See Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 669 (D. Kan. 2014) ("When a court denies a claim as futile on a motion for leave to amend, the denial 'has the identical effect as an order dismissing potential claims' and is therefore dispositive." (quoting *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228–29 (D. Kan. 2002))).

[4] ECF No. 25 (First Amended Complaint) at ¶¶ 57-74. Although plaintiff's first amended complaint alleged he was "booked" into the jail "on or about June 11, 2014," *id.* at ¶ 32, the parties now agree the date of booking was June 14, 2014.

2

incarceration at the jail, which spanned June 14-27, 2014.[5] In the instant motion, plaintiff seeks to add 24 new paragraphs detailing a second incident of beating and hog-tying that allegedly occurred in the jail conference room on June 16, 2014.[6]

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and 21 days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 dictates that the court "freely give leave when justice so requires."[7] When the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) also is implicated.[8] Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause." Thus, the Tenth Circuit has directed courts to use "Rule 16's good cause requirement as the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed."[9] If the court finds good cause lacking, it need not reach the Rule 15(a) analysis.[10]

---

[5] *Id.* at ¶¶75-97.

[6] ECF No. 97-5 at ¶¶159-182, 195.

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014).

[9] *Id.* at 1241.

[10] *Id.* at 1242.

3
O:\ORDERS\15-3151-DDC-97.docx

In this case, the scheduling order set February 12, 2018, as the deadline for amending pleadings.[11] Because plaintiff didn't file the instant motion until August 2018, the court will begin its analysis by applying Rule 16's good-cause standard.

<u>Good Cause.</u>  To establish "good cause" under Rule 16(b)(4), plaintiff must show he could not have met the scheduling-order deadline for amending pleadings despite his "diligent efforts."[12]  In making this showing, plaintiff "must provide an adequate explanation for any delay."[13]  "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.  If the plaintiff knew of the underlying conduct but simply failed to raise tort claims, however, the claims are barred."[14]  Ultimately, whether to modify the scheduling order lies within the court's sound discretion.[15]

Plaintiff has not explained his extensive delay in raising the new allegations of hog-tying that allegedly occurred in the jail conference room on June 16, 2014.[16]  Instead, plaintiff makes the wholly disingenuous argument that the second incident actually was alleged in his first amended complaint, and that he now only seeks to add details to his claims.  The undersigned flatly rejects plaintiff's assertion.  First, plaintiff's first amended

---

[11] ECF No. 59 at 9.

[12] *Gorsuch*, 771 F.3d at 1240.

[13] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).

[14] *Gorsuch*, 771 F.3d at 1240 (internal citations omitted).

[15] *Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

[16] ECF No. 97-5 at ¶¶159-182, 195.

complaint clearly detailed facts of a *single* hog-tying incident in chronological order. For example, paragraph 57 states defendants "entered holding cell #1 . . . grabbed the plaintiff and threw him to the concrete floor causing extreme pain and extreme panic."[17] Paragraph 58 continues, "While the plaintiff was on the floor, face down, Defendant Gallardo held plaintiffs' ankles and forced his legs to bend until his feet were touching his buttocks."[18] Plaintiff's assertion in his reply brief that paragraph 57 described "events that occurred on both June 14 and June 16, 2014" but that paragraph 58 described "events that occurred only on June 16, 2014," simply does not make sense.[19] Second, plaintiff's first amended complaint consistently referred to a "beating" or "assault" by defendants in the singular form.[20] Thus, even construing plaintiff's first amended complaint liberally, the court does

---

[17] ECF No. 25 at 14-15.

[18] *Id.* at 15.

[19] Similarly, paragraph 70 ends: "When the defendants stopped kicking and kneeing the plaintiff, two of the Defendants . . . picked up the plaintiff, who was incapable of resisting, by his forearms, which were still in handcuffs behind his back and chained to leg shackles . . . and put plaintiff face down on the concrete 'bench' in holding cell #1." Paragraph 71 begins: "Plaintiff was left 'hog-tied' and beaten, face down on the concrete . . ." ECF No. 25 at 18. Plaintiff's assertion in his reply brief that paragraph 70 described a hog-tying incident that occurred on June 14, 2014, but that paragraph 71 described a hog-tying incident that occurred on June 16, 2014, is too farfetched to be believed.

[20] *See*, *e.g.,* ECF No. 25 at ¶ 51 (stating defendant Graves participated in "the beating"), ¶ 74 (stating plaintiff was treated for injuries "suffered during the beating"); ¶ 114 (discussing pain plaintiff suffered after "the beating"), ¶ 126 (stating defendants' "assault on the plaintiff directly caused serious physical and emotional injuries").

not read it to allege, let alone put defendants on notice of, a second hog-tying incident occurring two days after the first in a separate area of the jail.[21]

Plaintiff filed his original complaint more than three years ago, on June 11, 2015, and did not mention *any* second incident of excessive force. Plaintiff filed his first amended complaint on April 11, 2016,[22] and again did not mention anything about a second incident of excessive force. Plaintiff also let the February 12, 2018 scheduling-order deadline for amending pleadings pass without raising, in any filing or in any discussion with the court or defense counsel, his new allegations of excessive force. In fact, the first time the court was alerted to plaintiff's new allegations was in the parties' proposed pretrial order, e-mailed to the undersigned's chambers on August 23, 2018. This was more than four years after the incident allegedly occurred, three years after plaintiff filed suit, six months after the deadline for amending the pleadings, and six weeks after discovery had closed.

Plaintiff has not demonstrated that, despite "diligent efforts," he was unable to raise his allegations of a second excessive-force incident by the February 12, 2018 deadline. Because plaintiff himself allegedly experienced the incident, he certainly would have

---

[21] For these same reasons, the court rejects plaintiff's alternative argument, to the extent it is meant to support his request to add new allegations of excessive force, that his first amended complaint asserted continuous violations. *See* ECF No. 97-3 at 14; ECF No. 104 at 21.

[22] *See* ECF No. 17-1. Plaintiff's first amended complaint was not filed on the docket by the clerk until December 30, 2016 (ECF No. 25), at the direction of the then-presiding U.S. District Judge, Sam A. Crow (ECF No. 24). But because Judge Crow recognized the first amended complaint should have been filed as a matter of right under Fed. R. Civ. P. 15(a)(1), the court deems it filed on the date submitted to the clerk.

known about it in 2014.  Although in his reply brief plaintiff asserts he did not receive discovery from defendants until after the amendment deadline, plaintiff does not suggest that specific discovery received enabled him to bring, for the first time, allegations of a second hog-tying incident.[23]  This is not a situation, for example, in which plaintiff learned new information to support this claim through discovery.  The Tenth Circuit has made clear that in situations like the present, where "the plaintiff knew of the underlying conduct but simply failed to raise the claims," good cause is not established under Rule 16.[24]

Because plaintiff has not established good cause for extending the scheduling-order amendment deadline, the court could stop its analysis here.  However, should Judge Crabtree decide to consider the appropriateness of amendment under Rule 15(a) as well, the undersigned recommends that leave to amend be denied for the following additional reasons.

As mentioned above, Rule 15(a) anticipates the liberal amendment of pleadings. Nonetheless, a court may deny leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

---

[23] Plaintiff instead states broadly that the discovery provided information about "dates, times, [and] identities."  ECF No. 104 at 14.

[24] *Perez v. Denver Fire Dep't*, 724 F. App'x 646, 649 (10th Cir. 2018) (internal modification omitted) (quoting *Gorsuch*, 771 F.3d at 1241).  *See also Birch v. Polaris Indust., Inc.*, 812 F.3d 1238, 1248-49 (10th Cir. 2015) ("Because Appellants knew of the underlying conduct but simply failed to raise their claims, they cannot establish 'good cause' under Rule 16." (internal quotations and citation omitted)).

amendments previously allowed, or futility of amendment."[25]  Defendants argue plaintiff acted with undue delay in seeking to amend, that they would be unduly prejudiced by amendment, and, in any event, that the proposed amendment to add new allegations would be futile.  The undersigned agrees with defendants in each of these respects.

Undue Delay.  When considering whether a party has unduly delayed, the Tenth Circuit has directed courts to focus primarily on the reasons for the delay.[26]  For example, if the movant was aware for some time of the facts on which the amendment is based, the court may properly deny leave to amend.[27]  Moreover, the "longer the delay," the more likely the court will deny a motion for leave to amend.[28]  Rule 15(a)'s undue-delay analysis is similar to the good-cause analysis discussed above: "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay."[29]  As stated above, plaintiff was aware for some time of the facts upon which the proposed amendment is based; yet he waited until the days before the final pretrial conference to bring the issue of a potential amendment to the court's attention.  For the same reasons set forth in the discussion of good cause above, the court should find plaintiff has unduly delayed.

---

[25] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[26] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205-06 (10th Cir. 2006).

[27] *Id.* at 1206.

[28] *Id.* at 1205.

[29] *Id.* at 1206 (internal citation and quotation omitted).

8

<u>Undue Prejudice</u>.   The Tenth Circuit has determined that prejudice to the non-moving party is the most important factor in deciding a motion to amend the pleadings.[30] "'Rule 15 . . . was designed to facilitate the amendment of pleadings *except* where prejudice to the opposing party would result.'"[31] "Prejudice under Rule 15 means undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party."[32] "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[33]

Permitting plaintiff to add a completely new, never-before-referenced allegation of excessive force, at this advanced stage of the litigation, would clearly cause defendants undue difficulty in defending this lawsuit.  Despite plaintiff's characterization of the proposed amendments as referencing "the same defendants, events, and claims with a more detailed chronology,"[34] the proposed second amended complaint actually seeks to add a number of substantive allegations in the litigation.  Thus, this is not a case in which defendants have "defended the lawsuit on this basis from the beginning."[35]  If the

---

[30] *Id.* at 1207.

[31] *Id.* at 1207–08 (quoting *United States v. Hougham*, 364 U.S. 310, 316 (1960) (emphasis added)).

[32] *Welch v. Centrex Home Equity Co.*, 323 F. Supp. 2d 1087, 1091 (D. Kan. 2004).

[33] *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[34] ECF No. 97-3 at 11.

[35] *Stottlemyre v. Sunflower Elec. Power Corp.*, No. 12-2443-CM, 2014 WL 7272524, at *4 (D. Kan. Dec. 18, 2014).

amendment were permitted, a new round of discovery would be necessary and trial in this three-year-old case would be further delayed. Thus, the court should find defendants would be unduly prejudiced in defending this suit if plaintiff's new allegations were permitted.

<u>Futility.</u>  Finally, defendants assert the addition of the new allegations of excessive force occurring in 2014 would be futile. "A proposed amendment is futile if the amended complaint would be subject to dismissal."[36] Defendants argue that new claims based on an incident that occurred on June 16, 2014, would be subject to dismissal because the applicable two-year statute of limitations for claims brought under 42 U.S.C. § 1983 has run.[37]

Plaintiff first responds that "[t]he claims and the basis for those claims in the proposed amendment are the same incidents and policies plaintiff set forth in the previous amendment and are not 'new claims.'"[38] However, with respect to the proposed allegations of a hog-tying incident that occurred in the jail conference room on June 16, 2014, this argument was rejected above.

Plaintiff next argues that even if his proposed amendments assert new claims, these new claims would not be subject to dismissal because they relate back to the first amended

---

[36] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[37] *See Bell v. City of Topeka*, 279 F. App'x 689, 691-92 (10th Cir. 2008) (ruling Kansas's two-year statute of limitations applies to § 1983 excessive-force claims brought in this district). Plaintiff concedes the statute of limitations is two-years.

[38] ECF No. 104 at 17.

complaint under Fed. R. Civ. P. 15(c). "In limited circumstances, Rule 15(c) saves an otherwise untimely amendment by deeming it to 'relate back' to the conduct alleged in the timely original complaint."[39] Specifically, Rule 15(c)(1)(B) provides that an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." "This provision is intended to give the defendant 'fair notice that the litigation is arising out of a specific factual situation.'"[40] Thus, unless the original complaint "fairly gave the defendant notice" of the proposed new claim, the new claim will not relate back to the previous pleading.[41] When an amendment raises "new and discrete allegations that were not pled in [the] original complaint," the amended pleading does not relate back.[42]

In this case, plaintiff's proposed second excessive-force claim is based on new factual allegations of force on a different date and in a different location than the excessive force allegations set out in his first amended complaint.[43] As discussed above, even reading plaintiff's first amended complaint liberally, it cannot be deemed to have put defendants

---

[39] *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 961 (10th Cir. 2012).

[40] *Price v. McKee*, No. 12-1432-CM, 2013 WL 3388905, at *4 (D. Kan. July 8, 2013) (quoting *Reed v. Entercom Commc'ns Corp.,* No. 04–2603–CM, 2006 WL 1174023, at *1 (D. Kan. Apr. 28, 2006)).

[41] *Id.*

[42] *Hernandez,* 684 F.3d at 962.

[43] As discussed in footnote 22, the undersigned recommends Judge Crabtree deem plaintiff's first amended complaint (ECF. No. 25) filed on April 11, 2016. This date is within two years of alleged incident plaintiff now seeks to add.

on notice of an incident of excessive force on June 16, 2014 in a jail conference room.[44] Although the first amended complaint alleged excessive force on the day of plaintiff's arrest (June 14, 2014) in the holding cell, "[a] new pleading cannot relate back if the effect of the new pleading is to fault the defendants for conduct *different* from that identified in the original complaint, even if the new pleading shares some elements and some facts in common with the original claim."[45] Therefore, plaintiff's proposed new claim would not relate back and would be subject to dismissal, such that the proposed amendment should be denied on the basis of futility.

Third, plaintiff argues in the alternative that the statute of limitations has been equitably tolled because he was prevented from bringing new claims by his incarceration, frequent transfers, limited education, and lack of legal training.[46] Plaintiff also argues the doctrine of equitable estoppel should prevent defendants from asserting a statute-of-limitations defense because defendants fraudulently concealed information.[47] Because these arguments were raised for the first time in plaintiff's reply brief, they should not be considered.[48] In any event, the undersigned finds the record reflects plaintiff has been

---

[44] *See supra* page 5-6.

[45] *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (emphasis added).

[46] ECF No. 104 at 23-25.

[47] *Id.* at 26-27.

[48] *See Ambac Assurance Corp. v. Fort Leavenworth Frontier Heritage Communities, II, LLC*, 315 F.R.D. 601, 608-09 (D. Kan. 2016); *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1244-45 (D. Kan. 2001) (citing cases). *See also Minshall v.*

12

adequately able to make filings in this case, despite his alleged limitations, and defendants have not concealed information.

Under Rule 15(a), based on any one of the above reasons, the undersigned recommends Judge Crabtree deny leave to amend to add allegations of a second excessive-force incident.

## II.    Modifications to Current Claims

Plaintiff's motion for leave to amend also seeks to recast his claims for relief.[49]  As the undersigned reads the proposed amendments, these changes are sought, and can be made, regardless of the court's ruling on the new allegation of a second excessive-force incident.  For example, plaintiff seeks to delete all reference to the Eighth Amendment "because plaintiff has learned that the 8th Amendment does not apply to pre-trial detainees and as such those claims were frivolous."[50]  On the other hand, plaintiff seeks to expand his single failure-to-supervise claim to four separate claims based on the same alleged facts: failure to train, failure to supervise, failure to investigate, and failure to discipline.[51]  Defendants did not address these requested modifications in their response to plaintiff's motion for leave to amend.  Because these proposed modifications are not opposed and

---

*McGraw Hill Broadcasting Co.,* 323 F.3d 1273, 1288 (10th Cir. 2003) (holding argument raised for the first time in reply brief was waived).

[49] *See* ECF No. 104 at ¶44.  Plaintiff's proposed modified claims (for Counts I-XVI) are in paragraphs 196-241 of his proposed second amended complaint, ECF No. 97-5.

[50] ECF No. 104 at 10.

[51] *Id.*

13

would not require the reopening of discovery or otherwise delay resolution of this case, the undersigned recommends Judge Crabtree grant this portion of plaintiff's motion.

IT IS THEREFORE RECOMMENDED that plaintiff's motion for leave to file an amended complaint be granted in part and denied in part.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If plaintiff does not timely file his objections, no court will allow appellate review.

Dated October 5, 2018, at Kansas City, Kansas.

                                   s/ James P. O'Hara
                                   James P. O'Hara
                                   U.S. Magistrate Judge