IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW T. GARDINER,

   Plaintiff,

v.

BILL MCBRYDE, et al.,

   Defendants.

Case No. 15-3151-DDC-JPO

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Objection to Magistrate Judge James P. O'Hara's Report and Recommendation (Doc. 108 objecting to Doc. 106) and plaintiff's Motion for Leave to File Second Amended and Supplemented Complaint (Doc. 97). Plaintiff objects to Judge O'Hara's recommendation to deny, in part, his Motion for Leave to Amend his Complaint. And, plaintiff also asks the court to allow the amendment or instruct Judge O'Hara to hear oral arguments on the issue. Doc. 108. As explained below, the court concludes that Judge O'Hara did not err in his recommendation.

### I. Factual and Procedural Background

Plaintiff, a state inmate proceeding *pro se*,[1] brings this action under 42 U.S.C. § 1983, against the Seward County Board of Commissioners and several individuals affiliated with the Seward County, Kansas Jail. In his First Amended Complaint,[2] plaintiff alleges defendants used

---

[1] Because plaintiff proceeds *pro se*, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe *pro se* litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers).

[2] Plaintiff's First Amended Complaint is the operative complaint. Doc. 25. Plaintiff has titled it "Amended and Supplemented Complaint," but, to simplify things, the court refers to it as "First Amended Complaint."

1

excessive force and denied him appropriate medical care, including mental health treatment, during his time at the facility. Doc. 25. The Complaint describes one instance of "hog-tying" plaintiff, kicking his head, and driving their knees into his ribs. *Id.* at ¶¶ 57–68. Plaintiff alleges that after "the beating," he was left "hog-tied" in a holding cell for several hours before one of the defendants removed the restraints and transported him to the hospital for medical treatment. Once there, plaintiff alleges, he was denied adequate medical care. *Id.* at ¶¶ 70–74. In their Answer, defendants deny these allegations and claim plaintiff verbally threatened and physically attacked jail personnel. Doc. 46 at ¶¶ 57–72. They admit officers restrained him, connecting handcuffs behind his back to leg shackles at his ankles, because he exhibited violent behavior with an intent to harm himself or others. *Id.* at ¶ 60. They contend he was released from restraints after several minutes, and upon his request, he was transported to the hospital. *Id.* at ¶¶ 72–73. The doctor noted plaintiff's chest X-ray showed a "suggestion of contusion and hairline nondisplaced fracture" of one of plaintiff's ribs. *Id.* at ¶ 74. After his examination, plaintiff returned to the jail facility. *Id.* at ¶ 80.

Plaintiff filed his original Complaint on June 11, 2015 (Doc. 1) and filed his First Amended Complaint on April 11, 2016 (Doc. 25). Both Complaints allege just one incident of excessive force. Judge O'Hara held a scheduling conference by telephone and issued his Scheduling Order on January 8, 2018. He established a deadline for filing motions to amend on February 12, 2018, and a discovery deadline of July 9, 2018. *Id.* Plaintiff did not allege a second incident of excessive force during this period of time. Also, he never asserted any intention to amend to his First Amended Complaint during any of the telephone status conferences the parties conducted with the court before the deadline for amending pleadings had expired. Docs. 58, 59, 72. On August 30, 2018, after the deadline for amending the pleadings

had passed, plaintiff filed a motion seeking leave to file another amended complaint—one that would: (1) add to his current allegations; and (2) include new allegations of a second incident of excessive force occurring two days after the first one. Doc. 97.

On October 5, 2018, Judge O'Hara issued a Report and Recommendation. It recommended that the district court grant plaintiff's unopposed request to modify his current claims, but deny plaintiff's request to add new allegations of a second incident of excessive force because it was advanced in an untimely fashion, unduly prejudicial, and futile. Doc. 106. Plaintiff objected to Judge O'Hara's recommendation to deny him leave to assert some aspects of his proposed amendments because, he asserts, discovery has produced new information that prompted his amendment. Doc. 108. Alternatively, he alleges the second incident is already asserted in his First Amended Complaint. *Id.* Defendants have filed a response opposing plaintiff's Objection.[3] Doc. 113. Defendants ask the court to affirm Judge O'Hara's recommendation because plaintiff has not made the requisite showing for an amendment under Federal Rules of Civil Procedure 15 and 16. *Id.*

**II.     Standard of Review**

Federal Rule of Civil Procedure 72(a) permits a party to present specific, written objections to a magistrate judge's order. When reviewing a magistrate judge's order deciding nondispositive pretrial matters, the district court applies a "clearly erroneous or contrary to law" standard of review. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this clearly erroneous standard, the district court does not conduct a de novo review of the magistrate judge's factual findings; instead, the

---

[3] Neither party objects to the portion of Judge O'Hara's Report and Recommendation recommending that the court grant part of plaintiff's Motion to Amend to permit plaintiff to add more facts about his current allegations.

3

district court must affirm a magistrate judge's order unless a review of the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464.  In contrast, "the contrary to law" standard permits the district court to conduct an independent review of purely legal determinations made by the magistrate judge. *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citations omitted).  A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (quotation omitted).  The court applies this governing standard to plaintiff's Objection here.

### III. Legal Standard Governing Amendment of Pleadings

When a party seeks to amend a pleading after the scheduling order's deadline for amending the pleadings has expired, the court first applies Rule 16(b)(4) and determines whether the party has shown good cause.  *See* Fed. R. Civ. P. 16(b)(4); *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014).  To meet the "good cause" requirement of Rule 16(b)(4), a plaintiff must show he could not have met the scheduling order deadline to amend pleadings despite "diligent efforts."  *Gorsuch*, 771 F.3d at 1240.  The "good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed."  *Id.*  Ultimately, the decision to modify a scheduling order is within the court's sound discretion.  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).  The court cannot reach a Rule 15(a) analysis without first finding good cause under Rule 16 for modifying the scheduling order.  *Gorsuch*, 771 F.3d at 1241.

Rule 15(a) provides that leave to amend the pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  However, the court may deny leave to amend on the grounds

of undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the proposed amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision to grant leave to amend the pleadings under Fed. R. Civ. P. 15(a) is within the district court's sound discretion. *Id.* (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).

**IV. Analysis**

Plaintiff seeks leave to amend his First Amended Complaint for two reasons: (1) to add details to current allegations of excessive force; and (2) to include an entirely new section describing a second incident of excessive force. Doc. 97-5 at 23. Judge O'Hara did not err when he recommended that the court deny plaintiff's proposed amendment asserting new allegations because plaintiff has not shown good cause for seeking leave after the deadline. Also, Judge O'Hara correctly concluded that plaintiff unduly delayed his request for leave to amend, the amendment unduly prejudices defendants, and the amendment consists of allegations which are futile. Each of these reasons provides an independent reason to deny plaintiff's Motion to Amend to assert new allegations of a second incident of excessive force. For the reasons explained, the court affirms Judge O'Hara's reasoning and denies plaintiff's request for leave to amend in part.

**A. Rule 16**

The Scheduling Order set the deadline for amending pleadings as February 12, 2018. Doc. 59. Plaintiff filed his Motion to Amend on August 30, 2018—more than six months after the deadline. Doc. 97. He has not established that he made diligent efforts to amend the Complaint before the deadline expired to include allegations of a second incident of excessive

force.  Also, he has failed to show that he could not raise allegations earlier because he only learned about the second incident through a specific discovery production received after the amendment deadline had expired.  Plaintiff asserts that he learned about the second incident through discovery requests the defendants produced.  But, as Judge O'Hara correctly found, plaintiff would have experienced both incidents of excessive force himself.  And thus, he had opportunities to assert the claim either in his original or First Amended Complaint.  He cannot establish good cause simply because he failed to raise the claim, especially when he knew about the underlying conduct because—according to his allegations—he was the victim.  *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248–49 (10th Cir. 2015).

Alternatively, plaintiff's objection asserts that his First Amended Complaint references the second incident of excessive force.  Doc. 108 at ¶ 59.  He asserts he did not include the dates and times of either incident in his original Complaint because he was held in isolation without light or a clock and was not able to tell day from night.  Doc. 108 at ¶¶ 8–10.  In the same paragraph, plaintiff asserts he was held in these conditions for two weeks.  *Id.* at 9.  He excluded dates from his Complaint and First Amended Complaint because, apparently, he did not know them.  *Id.* at 11.  Even so, both Complaints describe just one incident of excessive force.  Doc. 1; Doc. 25.  Judge O'Hara concluded, and the court agrees, that it does not make any sense to perceive the events described in the First Amended Complaint's paragraphs 57 and 58 (Doc. 25) as events that occurred on different days.  Doc. 106 at 5.  Plaintiff uses sequential language in his allegations, asserting that defendants "threw him to the concrete floor" (Doc. 25 ¶ 57), one defendant held his legs "while plaintiff was on the floor," (*id.* at ¶ 58), and two other defendants "simultaneously" held his arms (*id.* at ¶ 59).  Additionally, plaintiff uses the singular form of "beating" (Doc. 25 at ¶ 74, 114) and "assault" (*id.* at 126).  The use of the singular noun plainly

6

manifests plaintiff's intent to to allege one event. In his proposed amendment, plaintiff describes the timeline of the second incident as "the day after the emergency room visit." Doc. 97 at ¶ 159. Plaintiff takes issue with the court reading the First Amended Complaint in chronological order (Doc. 108 at ¶¶ 60–61), but the plain language of his Complaint—even when construed liberally—only allows one interpretation.

Plaintiff also argues the First Amended Complaint includes the second allegation because it references specific defendants who worked on different days. *Id.* at ¶ 59. Plaintiff's Objection asserts that the First Amended Complaint must refer to two separate events because it mentions defendants by name, and, after discovering a record showing defendants' work schedule, plaintiff learned certain defendants were not on duty when the original incident occurred. *Id.* at ¶ 59. But, the court cannot infer that plaintiff alleged two events when the First Amended Complaint plainly describes just one. Judge O'Hara correctly stated, "because plaintiff himself allegedly experienced the incident, he certainly would have known about it in 2014." Doc. 106 at 6–7. The court thus affirms Judge O'Hara's decision to reject plaintiff's argument that the First Amended Complaint alleged a second incident of excessive force but he seeks now only to include greater detail about that second incident.

Finally, plaintiff argues that "the enormous amount of confusion caused by the poorly constructed complaint . . . is the precise reason the amendment should be allowed." Doc. 108 at ¶ 64. While the court recognizes plaintiff proceeds pro se, the same rules apply to him as in any civil case. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *see also Elrod v. Walker*, No. 06-3115-SAC, 2011 WL 6372881, at *6 n.3 (D. Kan. Dec. 20, 2011). Plaintiff has not established good cause for his delay in seeking leave to file the amendment until now. Judge O'Hara did not err.

## B. Rule 15

Because the court agrees with Judge O'Hara that plaintiff hasn't meet the threshold requirement for good cause under Rule 16, the court can affirm Judge O'Hara's Report and Recommendation recommending the court deny the proposed amendment in part. But, even if Judge O'Hara had erred in his good cause conclusion, the court still would affirm the Report and Recommendation because plaintiff has failed to show the amendment is warranted under Fed. R. Civ. P. 15. The court will not permit an amendment with new allegations at this stage in the litigation because plaintiff unduly delayed the Motion to Amend's filing, new allegations will unduly prejudice the defendants, and the proposed amendment is futile. The court explains each of these reasons fully, below.

### 1. Undue Delay

The undue delay analysis begins by examining the reasons for delay. *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)). The court can deny leave to amend when the movant does not have an adequate explanation for delay. *Minter*, 451 F.3d at 1206. If the movant knew for some time about the facts on which he bases the amendment, the court may deny his request to amend. *Id.* at 1205–06. The longer his delay, the greater the likelihood that a court will deny a motion for leave to amend. *Id.* at 1206.

Plaintiff argues that his delay in seeking leave to amend results from defendants' delay producing discovery documents. Doc. 104 at ¶ 74.[4] He asserts, "upon receiving the newly discovered evidence on August 13, 2018, plaintiff immediately composed an amended complaint." Doc. 108 at ¶¶ 29–37. Judge O'Hara correctly incorporated his discussion about the

---

[4] Plaintiff directs the court to his earlier Reply to Defendants Objection to Amend Complaint (Doc. 104) for his discussion of the Rule 15 analysis. Doc. 108 at ¶ 66.

absence of good cause when he found that plaintiff unduly delayed making a request to amend. Doc. 106 at 8. Plaintiff has known about the facts that he attempts to incorporate now since the alleged incident occurred in 2014 because—according to his allegations—plaintiff himself was involved in them. His silence until the final stages of the pre-trial process shows undue delay.

### 2. Undue Prejudice

Prejudice is the most important factor when considering a motion to amend a pleading. *Minter*, 451 F.3d at 1207. If alleging an amendment would impose "undue difficulty in defending a lawsuit because of a change of tactics or theories," it is prejudicial under Rule 15. *Welch v. Centex Home Equity Co.*, 323 F. Supp. 2d 1087, 1091 (D. Kan. 2004). Amended claims are prejudicial when they arise out of subject matter different than that included in the earlier version of a complaint and "raise significant new factual issues." *Minter*, 451 F.3d at 1208.

Plaintiff argues that defendants are not prejudiced by the proposed amendment because plaintiff is not seeking additional discovery and is not adding new claims. Doc. 104 at ¶ 129. Plaintiff also argues his proposed amendment will not unduly prejudice defendants because, in his opinion, they did not need discovery to defend the case and "it is hard to imagine what 'discovery' they would seek for an incident they deny took place." *Id.* at ¶ 129(f). Defendants respond that the proposed amendment presents a new claim that will require additional discovery and further postpone the trial date. Doc. 113 at 9.

Judge O'Hara concluded defendants did not have notice and thus have not prepared against the new allegations since the lawsuit began. Doc. 106 at 9. Instead, the proposed amended allegations are substantively new. Contrary to plaintiff's characterization, as the court already has explained, the proposed amendment does not include the "same events and claims."

9

Doc. 97-3 at ¶ 44. Allowing plaintiff to add the proposed allegations at this late stage in the case would harm defendants. Facing entirely new factual accusations, defendants would have to reopen discovery to adduce information from plaintiff about those new allegations and, possibly, prepare new defenses adequately for trial. The court thus recognizes the difficulty the proposed amendment imposes on defendants. So, undue prejudice provides a second and independent reason to deny plaintiff's motion to add the new allegations under Rule 15.

### 3. Futile

"A proposed amendment is futile if the amended complaint would be subject to dismissal." *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)). The court applies the standard governing motions to dismiss under Fed. R. Civ. P. 12(b)(6) to determine whether the proposed amendment is futile. *Id.* That is, the Complaint "must present 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendants argue the new allegations involve a second incident of excessive force in 2014, and they are independently subject to dismissal because the two-year statute of limitations under 42 U.S.C. § 1983 has expired. *Bell v. City of Topeka*, 279 F. App'x 689, 691–92 (10th Cir. 2008). Plaintiff concedes the statute of limitations has expired for him to bring a new claim under the statute. Doc. 104 at ¶ 80. Thus, if plaintiff filed the new allegations of excessive force independently today, the court would dismiss the case because his claim is time barred under the statute of limitations. But, to avoid dismissal, plaintiff argues that the new allegations in his proposed amendment would relate back to the First Amended Complaint and thus are permitted under Rule 15(c).

As Judge O'Hara discussed in his Report and Recommendation, the Rule requires that allegations in the amendment relate back to "the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). This requirement gives a defendant fair notice to anticipate litigation involving a specific factual situation. *Price v. McKee*, No. 12-1432-CM, 2013 WL 3388905, at *4 (D. Kan. July 8, 2013) (quoting *Reed v. Entercom Commc'ns Corp.*, No. 04-2603-CM, 2006 WL 1174023, at *1 (D. Kan. Apr. 28, 2006)). Even if a new pleading shares similar elements to the original claim, it "cannot relate back if the effect of the new pleading is to fault the defendants for conduct different from that identified in the original complaint." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). Although both the old and putative allegations describe use of excessive force, they involve two separate incidents, on different days, in different parts of the facility, and different officers. The court cannot conclude the First Amended Complaint puts defendants on notice of a second incident of alleged excessive force. The proposed claim does not relate back to any existing allegations. So, for a third independent reason, the court denies plaintiff's motion because the proposed amendment is futile under Rule 15.

Plaintiff also argues the statute of limitations is equitably tolled because he is incarcerated, has limited education, and lacks legal training—all of which prevented him from bringing new claims. Also, he argues, defendants concealed information from him, and so, equitable estoppel prevents them from asserting a statute of limitations defense. Doc. 104 at ¶¶ 23–25. Judge O'Hara rejected these arguments for two reasons: (1) plaintiff raised them for the first time in his reply brief; and (2) even if the court could consider them, circumstances prove the contrary. Plaintiff was able to file documents adequately in this case and defendants did not conceal information. Doc. 106 at 12–13. The court agrees with Judge O'Hara's reasoning and

affirms his conclusion. Plaintiff raised his equitable tolling and equitable estoppel arguments for the first time in his reply brief. And our court typically refuses to consider arguments raised in such a circumstance. *See Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1244 (D. Kan. 2001); *Nat'l R.R. Passenger Corp. v. Cimarron Crossing Feeders, LLC*, No. 16-1094-JTM-TJJ, 2018 WL 489100, at *1 (D. Kan. Jan. 19, 2018). And, even if the court considered plaintiff's alternative arguments, Judge O'Hara correctly found plaintiff was able to make filings in the case, despite his limitations, and defendants did not conceal information.

### C. Amendments to Current Claims

As discussed above, plaintiff's motion also included a request to add information about his existing claims that he learned through discovery. Judge O'Hara concluded the request to modify plaintiff's current claims is appropriate. And neither party objects to that recommendation. Plaintiff's proposed amendments incorporate details to previously pleaded claims, which he has learned through discovery, and delete claims he has learned are frivolous. Doc. 104 at ¶ 44. As recommended by Judge O'Hara, the court permits plaintiff to amend these portions of his Complaint because that request is uncontested. Also, the proposed amendments to existing claims do not require the court to reopen discovery or delay the litigation otherwise. Doc. 106 at 13–14.

### D. Conclusion

The court affirms Judge O'Hara's Report and Recommendation recommending that the district court grant plaintiff's Motion for Leave to File Second Amended Complaint in part and deny it in part. Plaintiff has not established good cause for filing his motion six months after the Scheduling Order's deadline for amending pleadings. Thus, Judge O'Hara correctly ruled plaintiff did not show good cause under Rule 16. Also, plaintiff's request to amend is not

warranted under Rule 15 because he unduly delayed, the proposed amendment causes undue prejudice for the opposing party, and the amended claims are futile. But, the court affirms Judge O'Hara's recommendation to grant plaintiff's request to modify his current allegations because neither party objects to that portion of Judge O'Hara's Report and Recommendation. The court concludes Judge O'Hara's Report and Recommendation was not clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Objection to Magistrate's Recommendation" (Doc. 108) is overruled and Judge O'Hara's Report and Recommendation (Doc. 106) is adopted. The court denies the portion of plaintiff's motion that seeks leave to amend his Complaint to include new allegations but grants the portion of plaintiff's motion that seeks leave to amend his Complaint to modify his current claims. Plaintiff must file his Second Amended Complaint, consistent with this Order, within 10 days of the date of this Order.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to File Second Amended and Supplemented Complaint (Doc. 97) is granted in part and denied in part.

**IT IS SO ORDERED.**

**Dated this 21st day of December, 2018, at Kansas City, Kansas.**

>                    **s/ Daniel D. Crabtree**
>                    **Daniel D. Crabtree**
>                    **United States District Judge**