# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MATTHEW T. GARDINER,

    Plaintiff,

v.

BILL MCBRYDE, et al.,

    Defendants.

Case No. 15-3151-DDC-JPO

## MEMORANDUM AND ORDER

This matter comes before the court on several motions: (1) plaintiff's Motion for Leave to Submit Memorandum Over 30 Pages (Doc. 132); (2) defendants' Motion to Strike Plaintiff's Response to Defendants' Summary Judgment Motion and Opposing Plaintiff's Motion to Exceed Page Restrictions (Doc. 134); and (3) defendants' Motion for Extension of Time to File Reply in Support of their Motion for Summary Judgment (Doc. 142).

The court addresses each motion in turn.

### I.    Plaintiff's Motion for Leave to Submit Memorandum Over 30 Pages (Doc. 132)

On June 20, 2019, plaintiff filed a Motion for Leave to Submit Memorandum Over 30 Pages. Doc. 132. Plaintiff's Motion asks the court to grant him leave to file a Response to defendants' Motion for Summary Judgment that exceeds the court's 30-page limit for the arguments and authorities section of briefs or memoranda. D. Kan. Rule 7.1(e). Plaintiff currently is incarcerated. He asserts that he requires the additional pages because he is proceeding pro se and must write his Response by hand. Also on June 20, 2019, plaintiff filed

his Response to defendants' Motion for Summary Judgment. Doc. 133. His Response is 123 pages, and the Arguments and Authorities section of the Response spans about 60 pages.

After reviewing plaintiff's Response, the court grants him leave to file the Response exceeding the court's 30-page limit for the Argument and Authorities section. The court is mindful of plaintiff's pro se status and the limitations placed on plaintiff's ability to prepare a typed brief because of his current incarceration. Plaintiff has prepared a handwritten Response that includes an Arguments and Authorities section that is about twice as long as what our local rules allow. But he has written his Response in a legible fashion, which likely required more pages than a typed version of his Response would span. The court thus grants plaintiff leave to file his Response exceeding the page limitation. The court will consider plaintiff's Response (Doc. 133) as filed.

## II. Defendants' Motion to Strike Plaintiff's Response to Defendants' Summary Judgment Motion and Opposing Plaintiff's Motion to Exceed Page Restrictions (Doc. 134)

After plaintiff filed his Response to defendants' Motion for Summary Judgment, defendants filed a Motion to Strike plaintiff's filing. Doc. 134. Defendants argue that the court should strike plaintiff's Response because it violates D. Kan. Rule 7.1(e) and the Pretrial Order by exceeding the 30-page limit. For the reasons explained above, the court denies defendants' Motion to Strike plaintiff's Response because it exceeds the page limits. Plaintiff has sought the court's leave to file the Response exceeding the page limits, and the court has granted his request to do so.

Defendants also ask the court to strike plaintiff's Response because, they contend, it violates D. Kan. Rule 56.1(b) by failing to provide a "concise" statement of "material" facts. The court refuses to strike plaintiff's Response based on defendants' assertion that plaintiff has

failed to present certain facts "concisely" or that certain facts are not material to the summary judgment motion. Defendants can raise these arguments when replying to plaintiff's Response, but the court will not strike plaintiff's filing for this reason.

### III. Defendants' Motion for Extension of Time to File Reply in Support of their Motion for Summary Judgment (Doc. 142)

Finally, defendants have filed a Motion for Extension of Time to File Reply in Support of their Motion for Summary Judgment. Doc. 142. Defendants ask the court for a two-week extension of time to file their Reply. Also, defendants assert that the court should not require them to submit a Reply until the court decides their pending Motion to Strike. The court now has denied defendants' Motion to Strike. And it grants defendants' request for an extension of time to submit their Reply. Defendants must submit their Reply on or before August 16, 2019.

### IV. Trial Setting

When filing the summary judgment briefing, both parties have sought and secured several extensions of time to file their briefs. These extensions likely will prevent the court from deciding the pending summary judgment motion at least 60 days before trial. *See* Pretrial Order (Doc. 120 at 21) ("The court will attempt to decide any timely filed dispositive motions approximately 60 days before trial."). The court thus vacates the current trial setting. And the court resets the matter for trial on **March 3, 2020.**

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Leave to Submit Memorandum Over 30 Pages (Doc. 132) is granted.

**IT IS FURTHER ORDERED THAT** defendants' Motion to Strike Plaintiff's Response to Defendants' Summary Judgment Motion and Opposing Plaintiff's Motion to Exceed Page Restrictions (Doc. 134) is denied.

**IT IS FURTHER ORDERED THAT** defendants' Motion for Extension of Time to File Reply in Support of their Motion for Summary Judgment (Doc. 142) is granted. Defendants must submit their Reply in Support of their Motion for Summary Judgment on or before **August 16, 2019.**

**IT IS FURTHER ORDERED THAT** the court vacates the current trial setting and resets the matter of trial on **March 3, 2020.**

**IT IS SO ORDERED.**

**Dated this 7th day of August 2019, at Kansas City, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**