IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW T. GARDINER,

        Plaintiff,

v.

        Case No. 15-3151-DDC

BILL McBRYDE, et al.

        Defendants.

**MEMORANDUM AND ORDER**

When plaintiff filed this action on a pro se basis in 2015, he failed to do what our local rule requires: designate a place of trial. *See* D. Kan. R. 40.2(a) (when plaintiff files complaint he "must file a request stating the name of the city where the plaintiff desires the trial to be held"). Plaintiff reports that this omission got settled during the January 9, 2018 Scheduling Conference "when Wichita was set" as the place of trial. Doc. 177 at 3. Judge O'Hara's Scheduling Order confirms as much. Doc. 59 at 12 ("During the scheduling conference, the parties agreed this case should be tried in Wichita."). The court views this agreement as the functional equivalent of both parties designating the same place for trial.

Now, plaintiff explains he agreed to Wichita in 2018 because he then was serving a custody term in the nearby Hutchinson (Kansas) Correctional Facility. Doc. 177 at 3. Since, the court appointed counsel to represent plaintiff at trial, and (now acting through counsel) he asks the court to re-designate Kansas City, Kansas, as the place for trial. Doc. 172 at 2. Plaintiff contends that the governing factors favor Kansas City, not Wichita. *Id.* Defendants oppose plaintiff's re-designation request, arguing that Wichita remains the more convenient forum for trial. Doc. 174. Defendants thus ask the court to deny plaintiff's request to relocate the trial.

After considering the parties' arguments, the court exercises its discretion and grants plaintiff's request. The following pages explain why.

## I.     Legal Standard

Under D. Kan. Rule 40.2(e), the court is not bound by a party's designated place of trial. Instead, the court may determine the place of trial "upon motion or in its discretion." *Id.* When determining the proper place for trial, the court "generally look[s] to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)." *Lopez-Aguirre v. Bd. of Cty. Comm'rs*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014). Section 1404(a) grants "broad discretion in deciding a motion to transfer based on a case-by-case review of convenience and fairness." *ABF Freight Sys., Inc. v. McMillian*, No. 17-2324-JWL, 2018 WL 4154014, at *1 (D. Kan. Aug. 30, 2018). The Kansas cases identify these factors as ones courts should consider when deciding whether to re-designate the place of trial: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) any other practical consideration that makes a trial easy, expeditious, and economical. *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). The moving party bears the burden to establish that the existing forum is an inconvenient one. *Id.* (citations omitted). Here, that's plaintiff.

## II.    Analysis

Consistent with these cases, the court now applies the § 1404(a) factors to this case's facts and procedural elements to decide whether the court should re-designate the trial location from Wichita to Kansas City.

2

### A. Plaintiff's Choice of Forum

"Unless [the § 1404(a)] factors weigh strongly in the defendant's favor, the 'plaintiff's choice of forum should rarely be disturbed.'" *Tiffany v. City of Topeka*, No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009) (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). But this factor is "largely inapplicable if the plaintiff does not reside" in the location he has designated for trial. *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009); *cf. Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007) (concluding that "the rationale for allowing the plaintiff to dictate the forum evaporates" when the plaintiff lives outside his choice of forum); *but see Tiffany*, 2009 WL 1683515, at *1 (explaining that this factor "weighs only slightly in favor of plaintiff" in such a situation). Also, "courts have given little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *McDermed*, 2014 WL 6819407, at *2 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).

Because plaintiff seeks to move the trial to Kansas City, the court considers plaintiff's chosen forum as Kansas City—the location he requests as the place of trial. Plaintiff explains that he originally chose Wichita for trial because he was in custody in Hutchinson, and Wichita was the nearest court location. But he was unrepresented at the time and his geography has changed since. He will reside in California or Texas when trial begins, and his appointed counsel is in Kansas City. And, plaintiff notes, he will have to come to Kansas City to help his counsel get ready for trial.

Defendant responds, arguing that the court should give little weight to plaintiff's choice of forum because plaintiff has no other connection to Kansas City. *See Bright v. BHCMC, LLC*, No. 17-2529-JWL-GEB, 2018 WL 398450, at *2–3 (D. Kan. Jan. 12, 2018) (Birzer, J.) (giving

"reduced weight" to plaintiff's chosen forum when "[t]he facts giving rise to the lawsuit have no connection to Kansas City, and Plaintiff provides no personal connection to Kansas City, aside from his choice of counsel there"). Also, no one argues that Kansas City bears any "material relation or significant connection to the plaintiff's chosen forum." *McDermed*, 2014 WL 6819407, at *2

The court agrees with defendants' minimization arguments. Plaintiff's choice of Kansas City "is lessened by the fact that [he does] not reside" there. *Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240, 1248 (D. Kan. 2012) (Lungstrum, J.). Nevertheless, plaintiff's re-designation "of Kansas City as the place of trial remains at least a factor to be considered." *Id.* This factor favors plaintiff's choice, Kansas City, albeit just slightly.

### B.  Convenience and Accessibility of Evidence

"[T]he relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer." *Menefee*, 2009 WL 1313236, at *2. A plaintiff's proposed forum must be "substantially inconvenient" to warrant a change in forum. *Id.* A proposed trial location is substantially inconvenient if all or practically all the witnesses reside in a different location and traveling to the proposed trial location would impose a substantial burden. *Id.* (holding that there was an "enormous disparity in convenience between Kansas City and Wichita" because all witnesses would have to travel 200 miles from Wichita to Kansas City); *Lopez-Aguirre*, 2014 WL 853748, at *2 (granting motion to designate Topeka as the place of trial rather than Kansas City because the "great majority of witnesses [were] located in the Topeka area" and holding trial in Kansas City would "cause much more disruption" to these witnesses); *Nkemakolam*, 876 F. Supp. 2d at 1248 (denying a motion to move the trial from Kansas City to Topeka because "the presence of a large airport makes Kansas City a more convenient forum for plaintiffs, who must travel to Kansas" and while "Topeka might be

marginally more convenient for [defendant] and its witnesses, that factor is at least counterbalanced by the loss in convenience to plaintiffs and other witnesses residing outside the state . . . that would occur with a transfer to Topeka").

Here, the parties' filings establish that two of the three defendants and all defense witnesses reside in or near Liberal, Kansas, in the southwest corner of the Sunflower State. Defense counsel reports that it takes 2.8 hours longer to drive from Liberal to Kansas City than driving from Liberal to Wichita; or, calculated on a round trip basis, about five hours and 30 minutes. The third defendant resides in Alabama and though defendants' filing doesn't address it explicitly, the court presumes he will travel by airplane to the trial no matter where it takes place. And if this Alabama defendant were to travel to trial by car, the difference between driving to Kansas City vis-à-vis Wichita is immaterial.

As referenced already, by the time of trial plaintiff will reside in Texas or California. So, either location requires him to travel. But plaintiff asserts that the choice still matters to him because he once resided in Olathe, Kansas—a suburb in the Kansas City metropolitan area. Counsel reports that plaintiff still has friends near Olathe who would provide lodging and transportation for him during a Kansas City-based trial. He lacks similar support in Wichita, where he never has lived. Thus, it appears, he would have to pay for lodging during a Wichita-based trial (and, depending on where he would stay, transportation during trial). Plaintiff qualified to proceed in forma pauperis and so, this difference is not insignificant for him.

The location of the witnesses is a murky matter because neither party claims to know exactly how many witnesses will appear in person to testify. The court thus can discern the lodestar travel difference (about five-and-a-half hours per round trip from Liberal), but it cannot

5

discern the multiplier, *i.e.*, the number of people who would have to drive longer for a Kansas City trial.

Finally, the convenience of counsel is divided along partisan lines. Plaintiff's appointed counsel favors a Kansas City trial and they maintain their office in Kansas City, Missouri. Defense counsel, Wichita's advocate here, is in Wichita. This consideration thus is equally divided and, in any event, does not matter much to the analysis. And our court usually gives the convenience of counsel "little if any weight." *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *2 (D. Kan. Apr. 18, 2007); *see also Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *2 (D. Kan. Apr. 19, 2007).

Considering all these competing facts, the court finds that the balance of interests favors a Kansas City trial over one in Wichita. Important to this conclusion is plaintiff's in forma pauperis status and his ability to avoid lodging and transportation costs during a Kansas City trial. This contrasts with defendants' situation. No matter which city the court chooses, defendants (and their witnesses) will incur lodging expenses. And while the court is concerned about the extra travel time for witnesses for a Kansas City trial, the realities of trial preparation mitigate this concern. That is, it's unlikely that the Southwestern Kansas witnesses would drive their cars to the Wichita courthouse on the day of trial, testify there, and then immediately return to Southwest Kansas the same day. Instead, it is more likely that the witnesses would travel, meet with counsel the day before they testify, and travel home after they're released. Under this model, the Southwestern Kansas witnesses are likely to devote more than one day to the trial no matter where the court conducts trial. Finally, the conflicting locations of counsel, though split between the two cities, favors plaintiff by a bit. His counsel volunteered to represent plaintiff on a pro bono basis and that merits a bit of grace.

On balance, and though the margin isn't a wide one, the relative convenience and accessibility of evidence favors Kansas City.

### C. Fair Trial

No one argues that either party is unlikely to receive a fair trial in either location. This factor is a neutral one.

### D. Other Factors—"All Other Considerations"

The court also may consider various other factors when determining the place of trial. For example, in *Spires v. Hospital Corporation of America*, our court considered the cost of forcing medical practitioners to travel for trial testimony at the expense of time lost treating patients. No. 06-2137-JWL, 2006 WL 1642701, at *3 (D. Kan. June 8, 2006). But here, neither party argues that other factors affect the analysis. The "other considerations" factor also is neutral here.

### E. Considering the Factors as a Whole

After considering all the § 1404(a) factors, the court finds that two of the four factors favor designating Kansas City for trial. The other two factors are neutral. The court thus grants plaintiff's request to re-designate Kansas City as the place of trial.

### III. Conclusion

For the reasons explained above, the court grants plaintiff's request to re-designate the place of trial. The court designates Kansas City, Kansas, as the place of trial for the May 11, 2021, trial. The court will designate a specific courtroom nearer to the date of trial.[1]

---

[1] Given the public health considerations, the court is maximizing use of large courtrooms during the pandemic. But criminal trials and their 12 person juries (plus alternates) receive priority over civil trials. The court plans to use Room 643 or 655 *if they are available* for trial. One of these courtrooms is designated as the Tenth Circuit courtroom and the other is known the Special Proceedings courtroom. If neither one is available, the court will use Room 476.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the trial of this case will take place in the Robert J. Dole United States Courthouse in Kansas City, Kansas.

**IT IS SO ORDERED.**

**Dated this 25th day of March, 2021, at Kansas City, Kansas.**

                                                              **s/ Daniel D. Crabtree**
                                                              **Daniel D. Crabtree**
                                                              **United States District Judge**